IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>O'CONNELL, DANIEL F.<br><br>Debtor(s) | CHAPTER 7 CASE<br><br>CASE NO. 05-50080 BL<br><br>JUDGE Bruce W. Black(Joliet) |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE Bruce W. Black
      BANKRUPTCY JUDGE

NOW COMES MICHAEL G. BERLAND, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report and Account in accordance with 11 U.S.C. §704(9).

1.   MICHAEL G. BERLAND was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 10/12/05. The Trustee was appointed on 10/12/05. An order for relief under Chapter 7 was entered on 10/12/05. The Trustee's case bond is in the amount of $0.00.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A. The Trustee has not found it advisable to oppose the Debtor(s) discharge.

3.   The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the Trustee's Final Report as of January 15, 2009 is as follows:

   a. RECEIPTS (See Exhibit C)                                    $_____11,509.40

|   |   |
|---|---|
| b. DISBURSEMENTS (See Exhibit C) | $ 1,786.00 |
| c. NET CASH available for distribution | $ 9,723.40 |
| d. TRUSTEE/PROFESSIONAL COSTS | |
|    1. Trustee compensation requested (See Exhibit E) | $ 1,900.94 |
|    2. Trustee Expenses (See Exhibit E) | $ 0.00 |
|    3. Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $ 0.00 |
| e. Illinois Income Tax for Estate (See Exhibit G) | $ 0 |

5. The Bar Date for filing unsecured claims expired on <u>11/27/07</u>.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

|   |   |
|---|---|
| a. Allowed unpaid secured claims | $ 0.00 |
| b. Chapter 7 Administrative and 28 U.S.C. §1930 claims | $ 1,900.94 |
| c. Allowed Chapter 11 Administrative Claims | $ 0.00 |
| d. Allowed priority claims | $ 1,221.28 |
| e. Allowed unsecured claims | $ 149,454.68 |

7. Trustee proposes that unsecured priority creditors receive a distribution of 100% of allowed claims and unsecured creditors receive a distribution of 4.42% of allowed claims.

8. Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was $0.00. Professional's compensation and expense requested but not yet allowed is $0 . The total of Chapter 7 professional fees and expenses requested for final allowance is $1,900.94. (A summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9. A fee of $450 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated: <u>January 15, 2009</u>             RESPECTFULLY SUBMITTED,


By:/s/Michael G; Berland
   MICHAEL G. BERLAND, Trustee
   1 NORTH LASALLE STREET
   STE 1775
   CHICAGO, IL  60602
   Telephone # (312) 855-1272

## DISPOSITION OF ESTATE PROPERTY

| Scheduled Property and Disposition | Amount Realized |
|---|---|
|  |  |

| Unscheduled Property | Amount Realized |
|---|---|
| See Forms 1 & 2, attached hereto |  |

TOTAL RECEIPTS $ 11,509.40

TOTAL SCHEDULED VALUE
OF PROPERTY ABANDONED $ $38,500

TOTAL SCHEDULED VALUE
OF EXEMPT PROPERTY $ 1,625.00

When the debtor filed for bankruptcy he listed $50,000 of accounts receivables on his bankruptcy schedules. All of those receivables were at least two to three years old when the case was filed. All accounts receivables that were collectible have been liquidated and the Trustee requests that the remainder in the amount of $38,500 be deemed abandoned at the final hearing.